UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHEANNA DEAN,

    Plaintiff,

v.

COMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 18-11516
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

---

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [22], GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13], AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [21]**

---

Plaintiff Rheanna Dean applied for social security disability benefits based on a number of medical conditions. An Administrative Law Judge (ALJ), acting on behalf of the Commissioner of Social Security, decided that Dean was not disabled for purposes of receiving benefits. Dean then filed this suit challenging the ALJ's determination that she is not disabled under the Social Security Act.

The Court referred all pretrial proceedings to Magistrate Judge David R. Grand, who issued a Report and Recommendation to grant Dean's motion for summary judgment and to deny the Commissioner's. (ECF No. 21.) The Commissioner objects. The Court will adopt the recommendation of the magistrate judge and remand the case for further adjudication for the reasons explained below.

**I.**

Dean is a young woman who suffers from various medical conditions, including bipolar disorder, autism spectrum disorder, posttraumatic stress disorder, panic disorder without agoraphobia, anxiety disorder, attention deficit hyperactivity disorder, and an organic mental

disorder. (ECF No. 9-2, PageID.40.) Dean alleges that her disability began on September 1, 2001, when she was five years old. (ECF No. 9-6, PageID.209.) She graduated from high school and has briefly worked at two different jobs. (ECF No. 9-2, PageID.61–62.) Dean quit both jobs, including one at Arby's, "because the tasks were too complicated, and the pace was too quick." (ECF No. 22, PageID.792 (citing ECF No. 9-2, PageID.62.)) Dean has also struggled with "everyday tasks like following simple directions" (ECF No. 9-2, PageID.62–63) and "getting along with people" (ECF No. 9-2, PageID.72).

In support of her application for benefits, Dean submitted records from several medical providers, six of whom are at issue here. The first report is from Dr. Andrew Maltz, a licensed psychologist who evaluated Dean for special education services during her senior year of high school. (*See* ECF No. 9-9, PageID.386.) Between 2015 and 2017 Dean was treated by three psychiatrists, Dr. Bardia Gholami, Dr. Manuel Dumlao, and Dr. Ali Ibrahim. (*See* ECF, No. 9-10; ECF No. 9-11; ECF No. 9-12.) Between 2016 and 2017 Dean also attended therapy with social workers Caryn Schutte and Jennifer Gavrila. (*See* ECF No. 9-11; ECF No. 9-12.) Both Schutte and Gavrila completed medical source statements evaluating Dean's impairments. (ECF No. 9-11, PageID.569; ECF No. 9-12, PageID.676.)

Dean submitted her application for disability benefits on October 21, 2015. (ECF No. 9-6, PageID.209.) After her initial claim was denied, Dean appeared at a hearing before an Administrative Law Judge (ALJ) on July 11, 2017. The ALJ issued an unfavorable decision the following month. On March 10, 2018, the Appeals Council denied review and Dean filed this action on May 14, 2018.

**II.**

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which the parties have objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted). Supporting a conclusion means there is more than a "scintilla" of evidence but it need not amount to a preponderance. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

**III.**

For a number of reasons, the Magistrate Judge determined that the ALJ's "conclusion that Dean was not disabled under the Act is not supported by substantial evidence." (ECF No. 22, PageID.790.) The Commissioner argues that the Magistrate Judge erred in six ways.

**A.**

The Court begins with the Commissioner's second objection, which relates to the treating source statement of Dr. Andrew Maltz who conducted an evaluation of Dean for special education services. Dr. Maltz concluded that Dean's communication, social, and adaptive abilities were far

3

below her cognitive ability. (*See* ECF No. 9-9, PageID.386–92.) The Magistrate Judge found that the ALJ's evaluation of Dr. Maltz's opinion was improper. (ECF No. 22, PageID.813.) The Commissioner objects to this conclusion, arguing that the ALJ did not err, and in the alternative, that the error was harmless. (ECF No. 23, PageID.832.)

The Commissioner is correct that the ALJ was not "under any special obligation to defer to [Dr. Maltz's] opinion[s]" (ECF No. 23, Page 833), but that is not the issue here. The issue, as noted by the Magistrate Judge, is that the ALJ mischaracterized Dr. Maltz's findings and "ignored [ ] one of the central themes of Dr. Maltz's report" (ECF No. 22, PageID.815), instead cherry-picking only the few facts supporting the ALJ's finding that Dean is not disabled. In fact, the ALJ made precisely the mistake Dr. Maltz feared: assuming that Dean is able to function at a certain level based on her cognitive abilities, while ignoring the fact that "[t]here was a clear discrepancy between [Dean's] cognitive levels and her adaptive functions" (ECF No. 9-9, PageID.389) and that Dean "fell at or below the first percentile" for adaptive measures (*id.*). Dr. Maltz specifically warned that "[Dean] may appear more sophisticated and capable than is true." (ECF No. 9-9, PageID.390.)

The Commissioner's argument that the ALJ properly considered Dean's adaptive functioning elsewhere in her decision (*see* ECF No. 23, PageID.834) is unconvincing. True, as the Commissioner argues, the ALJ did note that Dean graduated from high school, took public transportation once per month, went ice-skating "once in a while," and socialized with friends about twice per year as evidence of Dean's adaptive abilities. (*Id.*) But these facts do not show that Dean has social and adaptive abilities that permit her to work full time. In fact, when Dr. Maltz's report is read as a whole, it makes clear that activities like those identified by the ALJ must be interpreted in the context of Dean's marked impairments in her social and adaptive abilities. (ECF

4

No. 9-9, PageID.390–91.) Despite the emphasis in Dr. Maltz's report on Dean's marked limitations and the discrepancy between her cognitive and adaptive abilities, the ALJ "characterized Dr. Maltz's findings as merely reflecting 'some limitations.'" (ECF No. 22, PageID.814 (citing ECF No. 9-2, PageID.44.).) Additionally, the ALJ cherry picked facts from Dr. Maltz's report about Dean's cognitive abilities while making no mention of the discrepancy between Dean's cognitive and adaptive abilities. (*See* ECF No. 9-2, PageID.44.) The Court agrees with the Magistrate Judge that the ALJ's analysis of Dr. Maltz's findings is not supported by substantial evidence and is instead inconsistent with Dr. Maltz's report.

**B.**

The Commissioner's third objection concerns the findings of Dr. Manuel Dumlao, a psychiatrist who treated Dean for several months. The ALJ used portions of Dr. Dumlao's records to support a finding of not disabled. But the Magistrate Judge thought that the selected portions amounted to cherry-picking: "[the ALJ's decision focused] on only the portion of Dr. Dumlao's medical records that supports her conclusions while failing to adequately address other significant record evidence which detracts from those conclusions." (ECF No. 22, PageID.817.) The Commissioner disagrees with the Magistrate Judge's cherry-picking characterization, objecting that the "ALJ was not required to discuss every piece of evidence in the record, including every treatment note from Dr. Dumlao, to show she considered the evidence." (ECF No. 23, PageID.835 (citing *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006), *rep. & rec. adopted*, 2017 WL 4230650 (E.D. Mich. Sept. 25, 2017)).)

The Court agrees with the Magistrate Judge. As an initial matter, the Magistrate Judge was correct on the law: "a substantiality of evidence evaluation does not permit a selective reading of the record." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 641 (6th Cir. 2013) (citing *Garner*

*v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984) (internal citations and quotation marks omitted)). "[I]t is generally recognized that an ALJ 'may not cherry-pick facts to support a finding of non-disability while ignoring evidence that points to a disability finding.'" *Hairston v. Comm'r of Soc. Sec.*, No. 14-13218, 2015 WL 4633935, at *14 (E.D. Mich. Aug. 3, 2015) (citing *Smith v. Comm'r of Soc. Sec.,* 2013 WL 943874, at *6 (N.D. Ohio Mar. 11, 2013)).

The Magistrate Judge was also correct on the facts. In the ALJ's discussion of Dr. Dumlao's records, she notes reports of Dean's improvement, while ignoring her frequent back-sliding and Dr. Dumlao's repeated attempts to treat her continuing depression and anxiety with new medications. (*See, e.g.*, ECF No. 9-10, PageID.518 ("She is feeling less depressed but anxiety is high."); ECF No. 9-11, PageID.525 ("Rheanna states she is not feeling well. . . She has been cutting when she feels highly stressed. She is conflicting with her mother."); ECF No. 9-11, PageID.531 ("She is clearly more depressed . . ."); ECF No. 9-11, PageID.539 ("Her mood has been depressed. She has crying spells and anxiety attacks. She is very unhappy about her life recently.").) The ALJ concludes her discussion of Dr. Dumlao's records by quoting from the February 17th report that Dean "reported that she was feeling better, she rated her mood as happy." (ECF No. 9-2, PageID.44.) The ALJ completely ignored Dr. Dumlao's final two reports. This is particularly significant because, in the final report from June 8th, Dr. Dumlao reported that "Rheanna is not doing well. She is depressed, has crying spells and is conflicting with family and others." (ECF No. 9-11, PageID.542.)

Notably, this error is compounded by the ALJ's failure to designate Dr. Dumlao as a treating physician. The treating physician rule states that "the opinion of a treating physician is entitled to controlling weight as long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the

6

record." *Eslinger v. Comm'r of Soc. Sec.*, 476 F. App'x 618, 621 (6th Cir. 2012). *See also* 20 C.F.R. § 416.927(c)(2); *Rogers*, 486 F.3d at 242. A treating physician is defined as an acceptable medical source which the patient sees or has seen "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition(s)." 20 C.F.R. § 416.927(a)(2). Dr. Dumlao fits this definition, as he is a psychiatrist who worked with Dean over the course of eight months to treat multiple mental health conditions. Although the ALJ discusses some of Dr. Dumlao's records, she does not designate him as a treating physician, nor does she state what weight she assigns to his findings. (ECF No. 9-2, PageID.44.) The treating physician rule includes a procedural requirement that the ALJ "must provide 'good reasons' for discounting treating physicians' opinions, reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers*, 486 F.3d at 242 (citing Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *5). Failing to follow this procedural requirement "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers*, 486 F.3d at 243.

The Court agrees with the Magistrate Judge that "the ALJ appears to have relied on certain fragments of the record . . . while failing to meaningfully weigh that evidence against other significant competing evidence in the very same records." (ECF No. 22, PageID.817.) The Court additionally identifies as error the ALJ's failure to explain the weight given to the opinions of Dr. Dumlao. Thus, taken as a whole, the conclusions that the ALJ drew from her analysis of Dr. Dumlao's records are not supported by substantial evidence.

7

## C.

The Commissioner's fourth objection concerns the weight given to the opinions of counselor Caryn Schutte. Schutte submitted a medical source statement indicating Dean had marked or extreme limitations in all categories. (ECF No. 9-11, PageID.569–70.) The Magistrate Judge found that the ALJ's decision to give Schutte's opinions little weight was not supported by substantial evidence. (ECF No. 22, PageID.819.) The Commissioner objects, arguing that Schutte is considered an "other source" and so her opinion is not accorded the same weight as an acceptable medical source or treating source. (ECF No. 23, PageID.837.)

While Schutte was not an acceptable medical source, the very Social Security Administration ruling quoted by the Commissioner makes clear that opinions of a therapist like Schutte "are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." Social Security Ruling 06-3p, 2006 WL 2329939, at *3 (Aug. 9, 2006).

In Dean's case, the ALJ did not treat Schutte's opinion as "important" and instead improperly discounted it. The ALJ gave "Schutte's opinion 'little weight' because (1) [she and Dean] had a relatively short three-month treating relationship, (2) Schutte failed to cite objective medical evidence to support the extreme and marked limitations she found, and (3) Schutte's opinion is contradicted by Dr. Ibrahim's treatment notes." (ECF No. 22, PageID.818 (citing ECF No. 9-2, PageID.46).)

First, the Court does not agree that a three-month treating relationship is too short for a mental health provider to develop a well-informed opinion about a patient's mental state and abilities. This is especially true of therapists and other mental health providers who tend to meet with their patients on a regular basis. Second, medical source statements, such as the one completed

8

by Schutte, "are to be based on the medical sources' records and examination of the individual." Social Security Ruling 96-5P, 1996 WL 374183, at *4 (July 2, 1996). Just because the medical source statement form itself did not include a place to cite to objective medical evidence does not provide substantial evidence that Schutte's evaluation was not based on her objective medical opinions and subjective observations formulated during her treatment of Dean. Third, the Court finds no contradiction between Schutte's medical source statement and Dr. Ibrahim's December 2016 notes, particularly since there is no evidence that Dr. Ibrahim's evaluation of "insight and judgment" is equivalent to any of the categories evaluated by Schutte in the medical source statement. On the contrary, the Court finds support throughout the record of Schutte's determination that Dean has marked and extreme limitations in the ability to understand, remember, and carry out instructions. (*See* ECF No. 9-11, PageID.569.) Because the justifications stated by the ALJ for giving Schutte's medical source statement little weight are not supported by substantial evidence, the Court agrees with the Magistrate Judge that the ALJ did not properly weigh Schutte's opinion.

## D.

Fifth, the Commissioner objects to the Magistrate Judge's finding that the ALJ's decision to give social worker Jennifer Gavrila's opinions little weight was not supported by substantial evidence. The ALJ assigned little weight to Gavrila's opinions for the same reasons as Schutte's opinions. (ECF No. 9-2, PageID.46.)

The Court rejects these justifications as unsupported by substantial evidence for the same reasons as stated above. Indeed, in the case of Gavrila, some of the above arguments are even stronger. For example, Gavrila had been treating Dean for five months at the time she completed the medical source statement, which is longer than Dean's treating relationship with Schutte. (*Id.*)

9

Additionally, when writing her medical source statement, Gavrila had access to not only her own notes and observations of Dean, but also the treatment notes of the other providers at Community Care Services, where Dean had been receiving treatment since 2015. (*See* ECF No. 9-12, PageID.640.)

In addition, the Court finds that the ALJ's statement that Gavrila's opinion is inconsistent with the treatment records (ECF No. 9-2, PageID.46) is not supported by substantial evidence. The citations to the record provided by the ALJ to support this statement reflect cherry-picked statements of Dean's progress that ignore a multitude of documentation of Dean's setbacks and struggles to adapt and function. (*Id.*) Finally, the examples provided by the Commissioner that supposedly support the finding that Dean has only moderate limitations are unconvincing. (*See* ECF No. 23, PageID.843–44.) The fact that Dean can care for her own hygiene and complete other basic tasks of daily life is not inconsistent with the marked limitations found by Gavrila. (*Id.*; ECF No. 9-12, PageID.676–77.)

### E.

The Commissioner's sixth objection relates to the ALJ's reliance on the opinion of Dr. Barbara Jones Smith, a non-treating, non-evaluating psychological consultant employed by the state. The ALJ gave great weight to the opinion of Dr. Jones Smith, more so than to Dean's treating and examining sources. (ECF No. 9-2, PageID.46.) The Magistrate Judge found that the ALJ improperly relied on Dr. Jones Smith's opinion because Smith did not review Dean's full medical record and her opinion was inconsistent with the other record evidence. (ECF No. 22, PageID.283–84.) The Commissioner disagrees and argues it was proper for the ALJ to give great weight to Dr. Jones Smith's opinion. (ECF No. 23, PageID.844.)

The Commissioner is correct that, although a non-examining, non-treating physician should generally be given the least weight, "it is not always illegitimate for an ALJ to decide to accord greater weight to an agency physician over a treating source." *Brooks*, 430 F. App'x at 481; *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009); Soc. Sec. Rul. 96–6p, 1996 WL 374180, at *3 (July 2, 1996). But the Social Security Administration has made clear that "the opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record." Social Security Ruling 96-6P, 1996 WL 374180, at *2 (July 2, 1996).

In this case, the Magistrate Judge points out that Dr. Jones Smith's opinion "was issued in January 2016, whereas much of the record – including numerous records that appear to contradict Jones Smith's opinion – came later in time." (ECF No. 22, PageID.823 (citing ECF No. 9-10–9-12, PageID.473–639).) When a state expert does not review the full medical record, there must be at least some indication that the ALJ considered the nature of the non-examining source opinions and subjected those opinions to scrutiny. *See Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 632–33 (6th Cir. 2016); *Blakley*, 581 F.3d at 409. Here, there is no evidence that the ALJ subjected Jones Smith's opinion to scrutiny and there is not substantial evidence to support the ALJ's finding that Jones Smith's opinion was consistent with the treatment records.

## F.

Finally, the Commissioner's first objection concerns the ALJ's consideration of medication side effects. (ECF No. 23, PageID.828.) The Commissioner argues that the ALJ sufficiently considered the issue of side effects and "provided substantial evidence to support her conclusion." (*Id.*) The Commissioner correctly points out that, although an ALJ is required to consider medication side effects, she does not need to specifically discuss each side effect in her written

11

decision. (ECF No. 23, PageID.829 (citing *Flynn v. Comm'r of Soc. Sec. Admin.*, No. 17-11640, 2018 WL 5306640, at *4 (E.D. Mich. Aug. 1, 2018)).) The Commissioner points to the fact that the ALJ asked Dean a single question about her side effects during the hearing as sufficient consideration of the issue. (*Id.* (citing ECF No. 9-2, PageID.66).)

Even accepting the premise that drowsiness was the only medication side effect that Dean suffered from at the time of the hearing, the Court is not persuaded that the ALJ properly considered the effect of Dean's drowsiness on her ability to work. (*See* ECF No. 9-2, PageID.43; ECF No. 23, PageID.828.) True, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to produce the above alleged symptoms." And "the above alleged symptoms" includes the medication side effect of drowsiness. (*See* ECF No. 9-2, PageID.43.) Yet when determining Dean's residual functional capacity, nothing in the ALJ's narrative suggests that the she considered Dean's drowsiness. In fact, the ALJ found that Dean has "the residual functional capacity to perform a full range of work at all exertional levels." (ECF No. 9-2, PageID.42.) Additionally, the ALJ found that Dean could perform the job of custodian, dishwasher, or laborer (*see* ECF No. 9-2, PageID.48), even though each of those jobs requires physical exertion and being on one's feet throughout the work day. It may be that the Commissioner is correct that this issue on its own does not rise to the level necessary to overcome the substantial evidence standard. But regardless, it does not change the Magistrate Judge's finding that, as a whole, the ALJ's opinion is not supported by substantial evidence.

## G.

All told, the Magistrate Judge has correctly identified a number of errors in the ALJ's analysis of Dean's medical records. When these errors are aggregated, it is clear that substantial evidence does not support the ALJ's finding that Dean is not disabled. Dean presented evidence

of marked and/or extreme limitations in a number of categories supported by the records of three treating physicians, an additional clinical psychologist who conducted a thorough evaluation, and two licensed counselors who provided therapy for Dean over a period of several months.

On the other hand, the ALJ gave great weight to the opinion of state psychological consultant Dr. Jones Smith who did not treat, or even meet, Dean, and only reviewed a portion of her medical records. Although the ALJ stated that Dr. Jones Smith's opinion is consistent with the treatment records, as discussed above, the ALJ erred in her treatment of Dr. Maltz's evaluation and did not properly consider the subsequent medical records of Dr. Dumlao, Dr. Ibrahim, Schutte, and Gavrila. *See Brooks*, 439 F. App'x at 482 (finding that the ALJ did not properly consider subsequent medical records before giving greater weight to outdated assessment). Thus, the Court affirms the Magistrate Judge's finding that "the Court cannot say that substantial evidence supports the ALJ's handling of the records related to many of those other medical sources, nor can it say that substantial evidence supports the ALJ's decision to assign 'great weight' to Dr. Jones Smith's earlier medical opinion." (ECF No. 22, PageID.823.)

## IV.

For the reasons stated, having reviewed the report and recommendation (ECF No. 22) and the Commissioner's objections (ECF No. 23), the Court will OVERRULE the Commissioner's objections, ADOPT the Magistrate Judge's Report and Recommendation, DENY the Commissioner's motion for summary judgment (ECF No. 21), and GRANT Dean's motion for summary judgment (ECF No. 13). The case is to be remanded to the ALJ for further administrative proceedings consistent with the Magistrate Judge's Report.

SO ORDERED.

                                                              s/Laurie J. Michelson
                                                              UNITED STATES DISTRICT JUDGE

Date: September 16, 2019

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, September 16, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.


                                        s/William Barkholz
                                        Case Manager